# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

M&H ENTERPRISES, INC. d/b/a
MARTIN-HARRIS CONSTRUCTION,

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.

Case No. 2:09-cv-1147-LDG (LRL)

**ORDER**

    A third-party to this litigation, Brett Primack, sued the plaintiff, M&H Enterprises d/b/a Martin-Harris Construction (Martin-Harris), in state court. Martin-Harris tendered defense of the suit to the defendant, Westchester Surplus Lines Insurance Company (Westchester). Westchester denied coverage. Martin-Harris brought the instant suit alleging breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and violations of the Nevada Unfair Insurance Practices Act, Nev. Rev. Stat. §686A.310. Westchester moves for summary judgment (#15), asserting that the undisputed facts establish that it did not owe Martin-Harris a duty to defend. Martin-Harris opposes the motion (#17).

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party

moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Analysis

Both parties rely extensively on the following passage from *United National Ins. Co. v. Frontier Ins. Co., Inc.*, 120 Nev. 678, 686-87 (2004) as stating Nevada's law regarding an insurer's duty to defend.

> The duty to defend is broader than the duty to indemnify. There is no duty to defend where there is no potential for coverage. In other words, an insurer bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy. Once the duty to defend arises, this duty continues throughout the course of the litigation. If there is any doubt about whether the duty to defend arises, this doubt must be resolved in favor of the insured. The purpose behind construing the duty to defend so broadly is to prevent an insurer from evading its obligation to provide a defense for an insured without at least investigating the facts behind a complaint.
> However, the duty to defend is not absolute. A potential for coverage only exists when there is arguable or possible coverage. Determining whether an insurer owes a duty to defend is achieved by comparing the allegations of the complaint with the terms of the policy.

(Internal citations and quotation marks omitted.)

The parties also agree that, pursuant to the insurance policy that Westchester issued to Martin-Harris, Westchester provided coverage for "those sums that the insured

3

becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Exhibit A to Westchester's Motion. The policy defined property damage as "[p]hysical injury to tangible property, including all resulting loss of use of that property," and "loss of use of tangible property that is not physically injured." *Id.* Martin-Harris also does not dispute that economic loss, including a diminution in property value, does not constitute property damage.

The parties disagree, however, whether Primack alleged, in his complaint, that he suffered damages because of property damage.

Ignoring its own statement that "Primack's Complaint must be analyzed in context," Martin-Harris limits its consideration of that complaint to just three paragraphs:

> 43: As a general contractor (Martin-Harris) . . . owed Plaintiff duties of care in general and specifically with respect to installing, maintaining, and/or repairing/remediating the supply line to the master tub in Cernasov's Unit.
>
> 44: Defendants, between and among one and each other, separately and/or jointly and/or in concert negligently breached their duty of care.
>
> 45: As a direct and proximate cause of Defendants' actions, the Plaintiff has been damaged in an amount in excess of $10,000, plus interest thereon in an amount to be determined at trial.[1]

Martin-Harris argues that paragraph 45 of Primack's complaint alleges general, non-economic, damages that triggered Westchester's duty to defend. The argument fails. At issue is not whether Primack alleged he suffered general damages, but whether he alleged that he suffered property damage. Primack, himself, provided the following summary of his complaint within his complaint:

> In short, water from a leak in a third floor condominium unit migrated to Plaintiff's unit two floors below causing mold contamination. Defendants attempted to remediate the mold situation without disclosing its existence to Plaintiffs [sic]. Assuming the remediation was successful, the prior presence

---

[1] While Martin-Harris also quoted paragraph 46 of Primack's Complaint, it conceded that the paragraph alleged only economic damages.

4

   of mold nonetheless caused substantial diminution in the value of Plaintiff's
   unit.  Accordingly, Plaintiff now sues for appropriate relief.

As further alleged by Primack in paragraph 38, "[d]espite apparent remediation, the history of mold contamination will cause diminution in the resale value of Plaintiff's Unit."  Martin-Harris argues that, pursuant to Nevada's notice-pleading requirements, Primack was not required to characterize his damages.  At issue, however, are the facts Primack actually alleged in stating his claim, not whether he was required to allege those facts.  Primack not only limited his express and specific claims for damages to those caused by the "prior presence" and the "history of mold contamination," but he did so by expressly premising his complaint on the assumption that the remediation was successful.

  Even if Primack's complaint alleged that he suffered property damage, no potential for coverage exists as the Westchester policy excluded property damage "which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage."  The policy expressly defined "fungi" to include mold.

  Again citing only to the general damages allegation in paragraph 45, Martin-Harris counters that this exclusion does not apply because Primack sought "damages from the leak."  The argument ignores the plain language of Primack's complaint, in which he expressly alleged that, as a result of the leak on the third floor, "mold [grew] and spread in the Plaintiff's Unit."  Primack further alleged he was damaged by the "prior presence" and the "history of mold contamination" to his unit.  As Primack premised the claims of his complaint on the remediated mold contamination, the plain language of the "fungi" exclusion precluded any coverage.  Accordingly, the Court finds that Westchester is

entitled to summary judgment on Martin-Harris' claims for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing.

The Court further finds that Westchester is entitled to summary judgment on Martin-Harris' claim for violations of the Nevada Unfair Insurance Practices Act.  Pursuant to Nev. Rev. Stat. 686A.310(2), "an insurer is liable to its insured for any damages sustained by the insured as a result of the commission of any act set forth in subsection 1 as an unfair practice."  Martin-Harris opposes Westchester's motion by arguing that disputed facts exist whether Westchester engaged in acts set forth of §686A.310(1).  Martin-Harris failed, however, to offer any argument in response to that expressly raised by Westchester in its motion: whether Martin-Harris sustained any damages as a result of the commission of any act set forth in §686A.31(1).  As Martin-Harris failed to offer any evidence that it sustained any damages, summary judgment in favor of Westchester is appropriate.

Accordingly, for good cause shown,

THE COURT **ORDERS** that Westchester Surplus Lines Insurance Company's Motion for Summary Judgment (#15) is GRANTED.

DATED this _____ day of December, 2010.

_____
Lloyd D. George
United States District Judge

6